J-A14010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOHN ANTHONY PINO, | |
| Appellee | No. 1431 MDA 2014 |

Appeal from the Judgment of Sentence entered August 5, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):
CP-54-CR-0001715-2013
CP-54-CR-0001716-2013

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 17, 2015**

John Pino (Appellant) appeals from the August 5, 2014 judgment of sentence of an aggregate term of nine to twenty-four years' imprisonment, as amended by the trial court's order dated August 7, 2014.  Appellant now challenges the sufficiency of the evidence supporting his conviction for multiple counts of aggravated assault of a police officer.  Appellant also claims that, because there was a more specific offense that applied to his conduct, he should not have been charged with aggravated assault.  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was convicted, after a trial by jury, of numerous offenses including three counts of aggravated assault of a police officer, 18 Pa.C.S. § 2702(a)(3).[1] The trial court set forth a factual summary of this matter as follows:

> The evidence at trial showed that, after committing retail theft, [Appellant] led the police who were pursuing him on a high speed chase. He was pursued by a number of police vehicles occupied by both state and local officers. After [Appellant] drove over a spike strip laid down by one of the state police, his driver's side tires deflated, and he was running on the rims with flat tires. Although this caused his vehicle to sag on the driver'[s] side and to slow down significantly, [Appellant] persisted in driving on.
>
> The officers pursuing him attempted to box him in and force him to stop. As he traveled in the westbound passing lane of PA 54, there was a police vehicle driven by Trooper Michael Allar traveling in front of [Appellant]'s vehicle and attempting to force it to slow down. Other police vehicles were following close behind [Appellant]'s vehicle. All police cars had lights and sirens activated, but [Appellant] kept attempting to drive around Tpr. Allar's vehicle.
>
> Shortly after [Appellant] crested a hill on Route 54, his vehicle became hung up on the concrete strip dividing the eastbound and westbound lanes of Route 54.
>
> Officer Christopher Hand of the Frackville Borough Police pulled his vehicle into the opposite lane to block [Appellant] from driving away in that lane. Officer Hand exited his vehicle, drew his gun and yelled at [Appellant] several times to turn off the engine. The officer was only two feet from [Appellant]'s open driver's side window, and [Appellant] looked right at the officer when he yelled to turn off the engine, but there was no

_____

[1] Appellant was convicted of multiple offenses arising from the activities herein described. Of the 22 offenses Appellant was convicted of, it is only the three counts of aggravated assault which are here at issue.

compliance with the command. Officer Hand then held his gun to his chest with one hand, reached in and grabbed [Appellant] by the shirt with his other hand. He again ordered [Appellant] to put his vehicle in park.

Instead of complying with that order, [Appellant] was moving the gear shift on the steering column. [Appellant] drove his vehicle forward into the rear of Hand's police car while Hand was still holding on to [Appellant]. Then he put the vehicle in reverse and backed into the vehicle of St. Clair Borough Chief Michael Carey. This gave [Appellant] enough room to get out of the blockade. Once Hand realized [Appellant] was about to go, he let go of his hold and went to his own vehicle.

Chief Carey had stopped his vehicle behind [Appellant]'s and left his car. Almost immediately after exiting the police cruiser, Carey noticed that [Appellant] was rocking his vehicle back and forth and was about to break free of the median strip. Carey jumped back into his vehicle just as the rear of [Appellant]'s slammed into the front of Carey's car. As a result, Carey experienced injuries to his back and left ankle. Carey was still experiencing significant pain and had not been medically cleared to return to work at the time of trial, more than nine months after the accident.

Trooper Allar had stopped his vehicle west of [Appellant]'s vehicle. He got out and began to approach [Appellant]'s vehicle on foot. Suddenly [Appellant] gunned his engine and drove toward Allar. He had to jump out of the way to avoid being hit.

Trial Court Opinion (T.C.O.), 10/29/14, at 2-4.

Following a jury trial, Appellant was convicted and sentenced as stated above. Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.Crim.P. 1925(b) statement.

Appellant now presents the following issue for our review:

Were the charges of aggravated assault based on mere recklessness and the facts insufficient to support a conviction?[2]

Appellant's Brief, at 4.

### Sufficiency of the Evidence

Appellant claims the evidence presented at trial was not sufficient to establish the intent for the charge of aggravated assault. He argues that his intent was to escape, to flee, to avoid capture rather than to cause specific harm to the police officers pursuing him. The gravamen of his claim is that the Commonwealth presented evidence which showed recklessness but did not properly establish the requisite *mens rea* of specific intent necessary to prove aggravated assault of a police officer. Appellant's Brief, at 9.

The trial court found the evidence sufficient to enable a reasonable jury to find beyond a reasonable doubt that the Appellant acted with the requisite intent. We agree.

We review Appellant's challenge to the sufficiency of the evidence under the following, well-settled standard of review:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention

---

[2] Appellant presents a second issue for our consideration in the argument section of his brief. Therein, he contests he should not have been charged with the general offense of aggravated assault because there is the specific offense of aggravated assault by vehicle with which he could have been charged. Appellant's Brief, at 10.

to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (internal citations omitted).

Under the Pennsylvania Criminal Code, a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]" 18 Pa.C.S. § 2702(a)(3). The Code defines "bodily injury" as "impairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. A police officer is among the officers, agents, employees or other persons enumerated. 18 Pa.C.S. § 2702(c)(1).

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

"As intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] [W]e must look to all the evidence to establish intent, including, but not limited to, appellant's conduct as it appeared to his eyes[.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances."

*Commonwealth v. Roche*, 783 A.2d 766, 768 (Pa.Super.2001), *appeal denied*, 568 Pa. 736, 798 A.2d 1289 (2002).

To summarize, in order to prove aggravated assault against a police officer, the Commonwealth was required to prove that Appellant (1) took a

substantial step, (2) with the specific intent to cause bodily injury, (3) to a police officer, (4) in the performance of his duties. **See generally** 18 Pa.C.S. § 2702(a)(3). As Appellant's Brief focuses on the intent element of the offense, and we find no error regarding the other elements, we address only the *mens rea* element here.

In **Commonwealth v. Brown**, 23 A.3d 544 (Pa.Super. 2011), this Court considered a similar argument to that made in the case at bar. In **Brown** it was claimed that the actions taken did not have the requisite specific intent because the actor was merely trying to avoid capture.

> At trial, Officer Schiazza testified that when he attempted to handcuff Brown, Brown pulled away, threw Officer DeBella to the ground, and ran away. Officer Schiazza further testified that after he tackled Brown, Brown struggled violently with him, and that as Brown flailed his arms he struck the officer repeatedly on the arm, shoulder and mouth, causing him to have a swollen lip. Whether the officer's swollen lip constitutes a "bodily injury" for purposes of section 2702(a)(3) is irrelevant, since in a prosecution for aggravated assault on a police officer the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an attempt to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. **Commonwealth v. Marti**, 779 A.2d 1177, 1183 (Pa.Super.2001). It was within the jury's province to find that Brown, by throwing Officer DeBella to the ground and then striking Officer Schiazza repeatedly by wildly flailing his arms as he resisted arrest, intended to cause injury to the officers.
>
> Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, as our standard of review requires, we conclude that there was sufficient evidence to enable the jury to find beyond a reasonable doubt that Brown violated section 2702(a)(3). As a result, his sufficiency

argument with regard to his conviction for aggravated assault on a police officer lacks any merit.

*Brown*, 23 A.2d at 560-61 (citations to notes of testimony omitted).

Here, the Commonwealth presented evidence similar to that in *Brown*. The police testified that Appellant led them on a high speed chase. During the chase, Appellant drove over a spike strip eventually causing his vehicle to become hung up on a concrete median strip. Officer Hand approached Appellant's vehicle, ordered Appellant to turn off the engine, and grabbed him by the shirt. Appellant was able to remove his vehicle from the median by first backing into Chief Carey's police car, injuring Chief Carey. Appellant then drove forward, in the direction of Trooper Allar, forcing Officer Hand to release his hold. As in *Marti,* it is irrelevant the degree to which Chief Carey suffered bodily injury as, for the purposes of 18 Pa.C.S. 2702(a)(3), the Commonwealth had no obligation to show actual bodily injury.

Although it is possible that Appellant intended nothing further than to flee, it is also possible that, in the moment, he intended to cause bodily injury to Chief Carey, Officer Hand, and Trooper Allar. It is not for us to decide what the mind of Appellant was at the time, that is a question for the fact-finder. Rather, we consider whether the evidence was sufficient for a reasonable jury to conclude that Appellant intended such harm.

When viewing this evidence in the light most favorable to the verdict winner, we find that the Commonwealth presented sufficient information for the fact-finder to infer that Appellant did specifically intend to cause bodily

injury to the police officers involved. The jury could reasonably infer from acts, conduct, or attendant circumstances that Appellant acted with the specific intent to cause bodily injury to the police. We therefore find that Appellant's sufficiency claim lacks merit.

### *Specific Charge*

Appellant raises a second issue for our consideration in the body of his brief. He alleges that, pursuant to 1 Pa.C.S. § 1933,[3] the charge of aggravated assault, 18 Pa.C.S. § 2702, was improper and was required to have been aggravated assault by vehicle, 75 Pa.C.S. § 3732.1. Appellant's Brief, at 10.

First, we note that, because Appellant did not set forth the issue in the statement of questions, the matter is waived. The Pennsylvania Rules of Appellate Procedure provide, in part, that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116. As the claim was not specifically included in the statement of questions, nor was it fairly suggested thereby, it

---

[3] Section 1933 provides:

> "Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."

was not preserved for appellate review. *See Com. v. Kittelberger*, 616 A.2d 1, 3 (Pa. Super. 1992).

Although the issue has been waived for the reason stated above, we also note that 42 Pa.C.S. 9303 resolves the issue entirely:

> "Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes."

"[T]he enactment of 42 Pa.C.S. § 9303 has halted operation of section 1933's "general-specific" rule of statutory construction in the context of criminal prosecutions, and those cases, which applied that concept as a basis for their holdings, are no longer precedential." *Com. v. Nypaver*, 69 A.3d 708, 714 (Pa. Super. 2013).

For the foregoing reasons, we affirm the trial court's judgment of sentence.

Judgment of sentence **AFFIRMED**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015

- 9 -